UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARVEN T. CARSWELL,

    Plaintiff,

    v.   CAUSE NO. 3:24-CV-91-CCB-SLC

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Marven T. Carswell, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Carswell, who is housed at Indiana State Prison ("ISP"), alleges that since October 2023, Warden Ron Neal and his staff have failed to protect him from inmates who are threatening his life. ECF 1 at 4-9. He asserts he is in danger because the cousin of someone he victimized is housed at ISP. *Id*. at 4. He has complained to Warden Neal and his staff about his safety at ISP, but nothing has been done to rectify the situation. *Id*.

Carswell asserts that his family contacted Deputy Warden Jeanie Buss in October because they were concerned about his safety. *Id*. at 5. His family told her there were inmates threatening Carswell's life and the cousin of the person he had victimized was housed at ISP. *Id*. They explained that the victim's cousin showed Carswell a picture of Carswell that he had on his cellphone and told him he "was dead." *Id*. at 5, 8. Carswell asserts that Deputy Warden Buss never followed-up with his family's safety concerns. *Id*. at 5.

On October 5, Lt. A. Lugouez met with Carswell in his cell in G Dorm (suicide unit) to find out why he was refusing housing. *Id*. at 6-7. Carswell explained he could not go back to C Cellhouse because the family of the person he victimized was trying to hurt him and he feared for his life. *Id*. at 7. He alleges that Lt. Lugouez then threatened him and told him to cuff up. *Id*.

On October 13, Case Manager Joe Snyder also talked with Carswell about his refusal to move to another housing unit. *Id*. at 5-6. Carswell reiterated that he did not feel safe and was concerned about being housed near inmates who might hurt him. *Id*. at 6. Furthermore, at some point, Carswell discussed his housing and safety concerns with Lt. Thompson, who threatened to mace him and beat him, if he did not move. *Id*. at 7-8. However, despite Carswell's safety concerns, he asserts he was moved back into a dangerous situation. *Id*. at 4-8.

Carswell further asserts that he asked the prison's internal investigation group for protection. *Id*. at 8. He submitted three forms requesting protection and reported various incidents where he felt threatened, including one where an inmate walked up

2

behind him with a knife and dropped it near him. *Id*. Carswell also reported incidents, where urine and feces were thrown on him, but he contends that nothing was done to help him. *Id*. at 8-9.

Based on these events, Carswell seeks $500,000 in punitive damages and injunctive relief. *Id*. at 11. More specifically, he also requests that he not be housed with any family members or friends of the person he victimized. *Id*.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

3

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–426 (7th Cir. 2020). Nor does making a "mistake" or exercising "poor judgment" satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018).

Carswell has sued Warden Neal, Deputy Warden Buss, Case Manager Snyder, Lt. Lugouez, and Lt. Thompson for allegedly failing to protect him since October 2023. While Carswell alleges inmates have threatened his life, he does not allege that any inmate physically harmed him. Mere fear of an attack that does not occur does not state a claim for monetary damages. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." (internal quotation marks and citation omitted)); *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (inmate's deliberate indifference claim failed where "he did not show that he experienced any cognizable harm"); *see also Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023) ("An injury is necessary for a constitutional tort under § 1983."). Therefore, Carswell cannot proceed on a failure to protect claim against these defendants.

In his complaint, Carswell repeatedly asserts he needs protection from other inmates. The Warden has both the authority and the responsibility to ensure that inmates at his facility are protected from harm posed by other inmates as required by

4

the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Carswell will be permitted to proceed on an Eighth Amendment claim against the Warden in his official capacity for permanent injunctive relief related to his need for protection from other inmates.

His complaint can also be read as one seeking a preliminary injunction requiring that he be placed in protective custody and/or transferred while this case is pending. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

At present, the court only has Carswell's account of the risk posed to him at ISP. In light of the deference owed to prison officials in the management of their facilities and the limitations on granting injunctive relief in the correctional setting, the court will order the Warden of Indiana State Prison to respond before taking further action on his request for preliminary injunctive relief.

For these reasons, the court:

(1) GRANTS Marven T. Carswell leave to proceed against the Warden of Indiana State Prison in his official capacity for permanent injunctive relief related to his ongoing need for protection from other inmates;

(2) DISMISSES all other claims;

(3) DISMISSES Deputy Warden Jeanie Buss, Case Manager Joe Snyder, Lt. A. Lugouez, and Lt. Thompson;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Indiana State Prison at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) DIRECTS the clerk to fax or email a copy of the same documents to the Warden of Indiana State Prison at Indiana State Prison;

(6) ORDERS the Warden of Indiana State Prison to file and serve a response to the plaintiff's request for a preliminary injunction no later than **August 9, 2024**, with supporting documentation and declarations from staff as necessary, addressing his current need for protection from other inmates and the steps being taken to protect him from harm; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Warden of Indiana State Prison to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 18, 2024.

s/ Cristal C. Brisco
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT