UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARVEN T. CARSWELL,

    Plaintiff,

v.     CAUSE NO. 3:24-CV-91-CCB-SLC

RON NEAL,

    Defendant.

## OPINION AND ORDER

Marven Carswell, a prisoner without a lawyer, is proceeding in this case "against the Warden of Indiana State Prison in his official capacity for permanent injunctive relief related to his ongoing need for protection from other inmates[.]" ECF 10 at 5. Specifically, Carswell alleged in his complaint that Warden Neal and his staff failed to protect him from other inmates by denying his requests for protective custody. ECF 10 at 1-3. On January 6, 2025, Warden Neal filed a motion for summary judgment, arguing Carswell did not exhaust his available administrative remedies before filing this lawsuit. ECF 29. With the motion, Warden Neal provided Carswell the notice required by N.D. Ind. L.R. 56-1(f). ECF 32. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over two months ago, but Carswell still has not responded. Therefore, the court will now rule on Warden Neal's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Warden Neal provides Carswell's grievance records (ECF 29-3), a copy of the Offender Grievance Process (ECF 29-2), a copy of the Classification Appeals process (ECF 29-4), and an affidavit from Mark Newkirk, the Executive Assistant at Indiana State Prison ("ISP") (ECF 29-1), which show the following facts:[1] During all relevant times, a Classification Appeals process and an Offender Grievance Process were in place at ISP and available to Carswell. ECF 29-1 at 2-7. Classification decisions, such as housing assignments and protective custody determinations, are not grievable through the Offender Grievance Process and must be appealed through the Classification Appeals process. ECF 29-1 at 6; *see* ECF 29-2 at 4 (stating that "Classification actions or decisions" are not grievable through the Offender Grievance Process because "a separate classification appeals process is in place for this purpose)"); ECF 29-4 at 16 (listing "Protective Custody" as an available type of hearing in the Classification Appeals process). To exhaust his remedies under the Classification Appeals process, Carswell needed to submit a State Form 9260, "Classification Appeal" form, and wait for a response from Executive Assistant Newkirk. ECF 29-1 at 7; ECF 29-4 at 19. However, Carswell never submitted any Classification Appeal form. ECF 29-1 at 7. Instead, Carswell submitted three Offender Grievance forms complaining about the denial of his request for protective custody. ECF 29-1 at 5-6; ECF 29-3 at 3, 7, 16. Executive Assistant Newkirk returned each of these three grievance forms to Carswell and explained to him in writing that the matter was not grievable through the Offender

---

[1] Because Carswell has not responded to Warden Neal's summary judgment motion, the court accepts Executive Assistant Newkirk's attestations and the contents of Carswell's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

Grievance Process and he needed to submit a Classification Appeal form instead. ECF 29-1 at 5-6; ECF 29-3 at 2, 6, 15. But Carswell never submitted a Classification Appeal form as instructed and, therefore, did not exhaust his available administrative remedies. ECF 29-1 at 7.

Here, Warden Neal has met his burden to show Carswell did not exhaust his available administrative remedies before filing this lawsuit. Specifically, Warden Neal provides undisputed evidence that Carswell was informed he needed to submit a Classification Appeal form to challenge the denial of his protective custody request, but Carswell never submitted a Classification Appeal form as instructed. Carswell doesn't argue or provide any evidence he was unable to submit a Classification Appeal form or his administrative remedies were in any way unavailable. Therefore, because the undisputed facts show Carswell had available administrative remedies he did not exhaust before filing this lawsuit, summary judgment is warranted in favor of Warden Neal.

For these reasons, the court:

(1) GRANTS Warden Neal's motion for summary judgment (ECF 29); and

(2) DIRECTS the clerk to enter judgment in favor of Warden Neal and against Marven Carswell and to close this case.

SO ORDERED on April 14, 2025.

　　　　　　　　　　　　　　　　　　/s/Cristal C. Brisco
　　　　　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT